# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | | |
|---|---|---|
| EASTERN IOWA PLASTICS, INC., | ) | |
| Plaintiff, | ) | No. 12 cv 2088 EJM |
| vs. | ) | |
| PI, INC., | ) | ORDER |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for summary judgment, both filed May 2, 2014. Both denied.

This case involves contested ownership of the trademark PAKSTER, and cross claims of infringement. Jurisdiction under 28 U.S.C. §1331.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(a). A court considering a motion for summary judgment must view all the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Plaintiff Eastern Iowa Plastics, Inc. (EIP) has two claims of ownership of the disputed trademark: (1) by assignment in an October 31, 1997, Asset Purchase Agreement from the prior owner, KenTech Plastics, and (2) by first use in commerce. However, the trademark in issue was not listed in the "Transferred Asset" definition in the Asset Purchase Agreement. PI claims KenTech also sold assets to it in a contract which

has been "lost to time". This raises a disputed issue of material fact as to whom KenTech sold the trademark, if either.

It is therefore

ORDERED

Denied.

June 11, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT