IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EAST IOWA PLASTICS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>P.I., INC.,<br><br>    Defendant. | No. C12-2088<br><br>ORDER DENYING MOTION TO AMEND |

This matter comes before the Court on the Motion to Amend the Scheduling Order and to Amend PI's Answer to Include the Defenses of Laches, Acquiescence and the Statute of Limitations (docket number 72) filed by Defendant P.I., Inc. ("PI") on June 6, 2014, and the Resistance (docket number 80) filed by Plaintiff East Iowa Plastics, Inc. ("EIP") on June 17. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS

On December 10, 2012, EIP filed a complaint against PI, asserting PI's unlawful use of EIP's "PAKSTER" trademark. EIP seeks declaratory judgment, a permanent injunction, and monetary damages. PI answered on January 30, 2013, denying the material allegations and asserting that it is EIP who is unlawfully using the PAKSTER mark. PI also asserted certain affirmative defenses and a counterclaim. On March 1, 2013, EIP answered PI's counterclaims.

On March 12, 2013, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to an August 1, 2013 deadline for amending pleadings. The Scheduling Order also established deadlines for disclosure of expert witnesses, completion of discovery, and filing dispositive motions.

On January 23, 2014 — approximately six months after the deadline for amending pleadings — EIP moved to amend its answer to PI's counterclaims. EIP sought to add affirmative defenses of estoppel and unclean hands. Although the motion was untimely, it was not resisted by PI, and was granted by the Court.

On May 2, 2014, both parties filed motions for summary judgment. Both motions for summary judgment were denied by Judge Edward J. McManus in an order filed on June 11, 2014. The Scheduling Order established a trial ready date of September 1, 2014.

## II. DISCUSSION

Unless it is permitted to amend its pleading "as a matter of course," a party may only amend with the opposing party's consent or the Court's leave. FED. R. CIV. P. 15(a). Here, PI is not entitled to amend its answer as a matter of course, and EIP does not give its consent. Accordingly, PI asks for the Court's leave to amend. The rules impose a liberal standard in determining whether an amendment should be permitted. FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."). A different standard applies, however, if the motion for leave to amend is filed *after* the deadline for amending pleadings as established in the scheduling order. An extension of the deadline under the scheduling order requires a showing of "good cause" and requires the judge's consent. RULE 16(b)(4).

"The interplay between RULE 15(a) and RULE 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). That is, when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, the good-cause standard of RULE 16(b) governs, rather than the more liberal standard of RULE 15(a). *Id.* (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). "If we considered only RULE 15(a) without regard to RULE 16(b), we would render scheduling orders meaningless and effectively would read RULE 16(b) and its good cause requirement out of the FEDERAL RULES OF CIVIL PROCEDURE." *In re*

*Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 417, 419 (11th Cir. 1998)). *See also Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

Here, the deadline for amending pleadings was August 1, 2013. PI's instant motion was not filed until June 6, 2014 — some ten months later. Accordingly, the Court must first determine whether PI has shown good cause for modifying the scheduling order. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, but the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *Id.* at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

PI argues that it has good cause for amending the Scheduling Order because "PI's answer in this matter was drafted by prior counsel."[1] PI's former counsel withdrew on February 24, 2014, with its current counsel appearing on February 18 and March 13. "PI's new counsel, upon the exercise [of] their independent legal judgment, adopted the need for the additional defenses during the preparations for dispositive motions."[2]

The Court concludes that PI has failed to show good cause for modifying the Scheduling Order. First, the Court does not believe that switching attorneys during the course of the litigation constitutes good cause for an extension of the deadlines established in the Scheduling Order. Second, even *if* the appearance of new counsel otherwise constitutes good cause for an extension of the deadlines, the instant motion was not filed until three months after counsel appeared. Upon their appearance in this case, PI's counsel

---

[1] PI's Motion to Amend (docket number 72) at 1, ¶ 6.

[2] *Id.* at 2, ¶ 6.

had an obligation to review the pleadings and determine whether any amendments were necessary or appropriate. The Court concludes that a delay of three months demonstrates a lack of diligence in that regard. *Sherman*, 532 F.3d at 716 ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.").

Because PI has not been diligent in seeking to amend the pleadings in compliance with the Scheduling Order, the Court will generally not consider prejudice to EIP. *Id.* at 717. The Court notes parenthetically, however, that all pretrial deadlines have now expired and the Court has ruled on the parties' respective motions for summary judgment. The case is now ready for trial. I believe an amendment to the pleadings at this late stage in the case is prejudicial to EIP.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Amend (docket number 72) filed by PI is **DENIED**.

DATED this 24th day of June, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA