IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EAST IOWA PLASTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PI, INC., <br><br> Defendant. | No. C12-2088 <br><br> ORDER DENYING <br> MOTION TO AMEND |

This matter comes again before the Court on the Motion to Amend the Scheduling Order and to Amend PI's Answer to Include the Defenses of Laches, Acquiescence and the Statute of Limitations (docket number 72) filed by Defendant PI, Inc. on June 6, 2014. I previously denied the motion in an Order filed on June 24. PI took an objection to the district court, however, and on August 14, Judge Edward J. McManus remanded the motion to me for further consideration.

## I. BACKGROUND

In its motion to amend, PI asks that it be permitted to file an untimely amendment to its answer and add three additional affirmative defenses. In its initial answer filed on January 30, 2013, PI identified four affirmative defenses: first, PI asserted a generic defense that "EIP has failed to state a claim upon which relief can be granted." PI also asserted affirmative defenses of "unclean hands" and "unjust enrichment." Finally, PI asserted that EIP's allegations "do not rise to the level of an 'actual case or controversy' necessary to entitle EIP to seek relief under the Declaratory Judgment Act."[1] Now, acting through different counsel, PI seeks to amend its answer to include an additional multi-part

---

[1] *See* Answer and Counterclaims of PI, Inc. (docket number 11) at 17.

affirmative defense: "EIP's claims may be barred or impaired by the doctrines of laches, acquiescence and the statute of limitations."[2]

In support of its argument that good cause exists for the untimely amendment, PI pointed in its motion to the change in counsel.

> PI has good cause for amending the scheduling order. PI's answer in this matter was drafted by prior counsel. Prior counsel withdrew on February 24-27. Current counsel appeared on February 18 (Shuttleworth & Ingersoll) and March 13 (Quist, Cone & Fisher). New counsel's appearance was long after the expiration of the deadline for amending pleadings. PI's new counsel, upon the exercise [of] their independent legal judgment, adopted the need for the additional defenses during the preparations of dispositive motions.

PI's Motion to Amend (docket number 72) at 1-2, ¶ 6.

In denying PI's motion to amend, I concluded that switching attorneys during the course of the litigation does not constitute good cause for an extension of the deadlines established in the scheduling order. In addition, I found that new counsel had not acted diligently in seeking an amendment following their appearances. In his order remanding the motion for further consideration, Judge McManus concluded that the ruling "was neither clearly erroneous nor contrary to law."[3]

In its objection filed with the district court, however, PI "expanded its discussion" on the issue.[4] PI's objection complained that I "did not consider any of the circumstances related to the defenses sought to be added," and that information discovered after the

---

[2] *See Proposed* First Amended Answer and Counterclaims of PI, Inc. (docket number 72-1) at 18.

[3] Judge McManus' Order (docket number 87) at 1.

[4] PI's Reply Brief (docket number 86) at 1.

2

deadline for amending pleadings "provided facts that made the defenses sought to be added to PI's Answer more viable."[5] In his order for remand, Judge McManus notes that "defendant makes the new argument and allegation that at the time of the expiration of the deadline in the Scheduling Order for amending pleadings, August 1, 2013, it was unaware that plaintiff was seeking damages for the period before defendant first filed for trademark registration in 2007. This claim was never made before the magistrate judge."[6] Finding no prejudice to EIP, Judge McManus remanded the motion for further consideration.

## II. DISCUSSION

PI seeks leave to amend a pleading outside of the time period established by the Scheduling Order. In these circumstances, the good-cause standard of RULE 16(b) governs, rather than the more liberal standard of RULE 15(a). *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of RULE 16(b)'s good-cause standard is not optional." *Id.* In other words, the movant must first show good cause to amend the scheduling order, as required by RULE 16(b); only then will the court consider whether the party is permitted to amend its pleadings under RULE 15(a). *Catipovic v. Turley*, 295 F.R.D. 302, 307 (N.D. Iowa 2013) (if a movant establishes good cause to amend the scheduling order, "then the analysis shifts back to RULE 15(a)"). Because PI failed to establish good cause to amend the Scheduling Order in its initial motion, I was not required to consider the provisions of RULE 15(a). Now, however, PI asserts an additional reason why it believes good cause exists for amending the Scheduling Order.

---

[5] PI's Objections (docket number 84) at 2, ¶¶ 5 and 6.

[6] Judge McManus' Order (docket number 87) at 1-2.

3

In its motion to amend, PI asserts that it has good cause to amend the Scheduling Order because the answer "was drafted by prior counsel," and PI's new counsel, when preparing for dispositive motions, determined "the need for the additional defenses."[7] I concluded that a change in counsel did not constitute good cause under RULE 16(b), and Judge McManus found that my ruling was neither clearly erroneous nor contrary to law. In its objection filed with Judge McManus, however, PI added a "new argument," asserting that good cause exists for an extension of the deadline because it learned on March 12, 2014 — for the first time — that EIP intended to pursue damages incurred prior to 2007. PI believes that it has a statute of limitations defense for claims brought prior to that time.

In responding to PI's objection to my Order denying leave to amend, EIP first argues that PI waived its alternative argument for establishing good cause, citing *Ridenour v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 679 F.3d 1062 (8th Cir. 2012), because PI did not raise it initially. In *Ridenour*, the defendant's motion for summary judgment was referred to a magistrate judge for a report and recommendation. At that time, the parties agreed that the applicable statute of limitations, with the exception of one count, was two years. The magistrate judge recommended that the motion for summary judgment be granted based on the two-year statute of limitations bar. In his objections filed with the district court, however, the plaintiff argued, for the first time, that some of his other causes of action were actually governed by either a three or four-year statute of limitations. *Id.* at 1064. The district court held that the plaintiff "could not raise new arguments regarding the longer statutes of limitations for the first time in his objections and there was no excuse for the procedural default." *Id.* at 1065. The Eighth Circuit Court of Appeals affirmed. The plaintiff "was required to present all of his arguments to the magistrate

---

[7] PI's Motion to Amend (docket number 72) at 1-2, ¶ 6.

judge, lest they be waived." *Id.* at 1067. That is, "parties must take before the magistrate, not only their 'best shot' but all of their shots." *Id.* (quoting *Borden v. Secretary of Health & Human Services*, 836 F.2d 4, 6 (1st Cir. 1987)).

PI argues that *Ridenour* is distinguishable because the plaintiff sought to raise a new or different issue (the applicable statute of limitations), which was not presented to the magistrate judge. PI argues that it did not assert a new issue when raising a different ground for good cause to amend the Scheduling Order, but instead "expanded its discussion on the same issue."[8] While PI concedes that the argument is "more fully developed" in the objection filed with the district court "than it might have been made to the Magistrate Judge," it nonetheless argues that "it is the same issue."[9]

I do not read the holding in *Ridenour* as narrowly as that urged by PI. The language employed in *Ridenour* is broadly written: a plaintiff is "required to present all of his arguments to the magistrate judge, lest they be waived" and "parties must take before the magistrate, not only their 'best shot' but all of their shots." 679 F.3d at 1067. The cases cited by the *Ridenour* Court in support of its holding are equally broad in scope. In *Madol v. Dan Nelson Automotive Group*, 372 F.3d 997 (8th Cir. 2004), the issue before the magistrate judge was whether a valid agreement to arbitrate existed between the parties and whether the specific dispute fell within the scope of that agreement. *Id.* at 1000. The Eighth Circuit found that the plaintiffs had failed to preserve the issue of the agreement's validity for review by the district court "because they did not make any discernible arguments to the magistrate judge that go to the making of the arbitration agreement itself." *Id.* In *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000), the Court identified the issue as "whether a claimant may make arguments in his objections to a magistrate

---

[8] PI's Reply Brief (docket number 86) at 1.

[9] *Id.* at 2.

5

judge's report when those arguments have been neither argued to the magistrate judge nor addressed in the judge's report adopted by the district court." The Court found that "the purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Id.* at 470 (quoting *Reciprocal Exch. v. Noland*, 542 F.2d 462, 464 (8th Cir. 1976)). *See also Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) (Magistrates Act not "intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.") (cited with approval in *Roberts*, 222 F.3d at 470). Finally, in *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006), the Court found that "[a] party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." (Cited with approval in *Ridenour*, 679 F.3d at 1067.)

Courts throughout the Eighth Circuit have cited *Ridenour* for the broad proposition that a party cannot raise arguments in its objections, which were not previously raised before the magistrate judge. *See, e.g., Toledano v. Shelter Mut. Ins. Co.*, 2014 WL 2557225, *1 (W.D. Ark.) ("Plaintiff may not present new facts and arguments in his objections that were not before the magistrate."); *Citi Mortg., Inc. v. Hubbard*, 2014 WL 1303706, *6 (D. Minn.) (a party represented by counsel "can be reasonably expected to make all necessary arguments and showings before the Magistrate Judge"); *Wrice v. Wallace*, 2013 WL 879869, *1 (E.D. Mo.) ("a party may not offer new legal theories in objections to a magistrate judge's report and recommendation, when those arguments have not been presented to the magistrate judge or addressed in the report and recommendation"); *Boumstein v. Security Products Co., LLC*, 2012 WL 6082958, *1 (D. Neb.) (an argument not raised before the magistrate judge is waived for purposes of an objection).

I believe it would defeat the purpose of allowing a magistrate judge to rule on a motion for leave to amend if the movant is permitted to make one argument for good cause before the magistrate judge and, after learning the argument was unpersuasive, make a different argument before the district court. *Roberts*, 222 F.3d at 470. Certainly judicial efficiency is not promoted by allowing a movant to make a new argument in its objections. If I find that PI's argument of newly discovered information regarding EIP's claims for damages does not support a finding of good cause to amend the Scheduling Order, is it then permitted to raise a third or fourth argument in taking an objection to the district court? Instead, I believe a party seeking to establish good cause for an amendment to the scheduling order is "required to present all of his arguments to the magistrate judge, lest they be waived." *Ridenour*, 679 F.3d at 1067.

In its effort to establish good cause to amend the Scheduling Order, PI's motion refers only to its new counsel, "upon the exercise [of] their independent legal judgment," determining during the preparations of dispositive motions "the need for the additional defenses." As recognized by Judge McManus in his order, PI's claim that it only recently became aware that EIP was seeking damages for the period before 2007 is a "new argument." Because the argument was not raised until after I denied the motion to amend, I believe it was waived.

Alternatively, EIP argues that even *if* the Court considers PI's new argument, good cause to amend the Scheduling Order is still lacking. Furthermore, EIP asserts that PI's argument applies, at most, to its statute of limitations defense, and cannot justify its untimely pleading of laches or acquiescence. Finally, EIP argues that even if the pleadings deadline was extended for good cause, PI's motion to amend its answer should be denied under an application of RULE 15(a).

In my initial Order, I found that PI's stated reason for amending the Scheduling Order did not establish good cause, as required by RULE 16(b). My view remains

unchanged. As set forth above, I have now concluded that PI waived its alternative argument that good cause is established by newly discovered information regarding EIP's claims for damages. Accordingly, it is unnecessary to address EIP's alternative arguments. Because good cause for amending the Scheduling Order has not been shown, as required by RULE 16(b), PI's motion to amend will be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Amend (docket number 72) filed by PI on June 6, 2014 is **DENIED**.

DATED this 10th day of September, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA