# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

EASTERN IOWA PLASTICS, INC.,    )
                          )
           Plaintiff,     )     No. 12 cv 2088 EJM

vs.                          )

PI, INC.,                   )     FINAL FINDINGS OF FACT and
                          )     CONCLUSIONS OF LAW;
                          )     ORDER ON ATTORNEYS' FEES
           Defendant.    )

From April 13, 2015 to April 21, 2015, this case, containing prayers for damages, declaratory relief, an injunction and cancellation, was tried to a jury. At the close of evidence, the court partially granted defendant's motion for judgment as a matter of law under F.R.C.P. 50, finding no evidence of actual damages. The remaining issues, whether plaintiff is entitled to declaratory or injunctive relief under the Lanham Act and cancellation of the trademarks and attorneys' fees, are for the court. Briefs and replies thereto have been filed by June 29, 2015. The court's prior Findings of Fact and Conclusions of Law, filed May 22, 2015 and June 4, 2015, are withdrawn.

The court now makes the following Final Findings of Fact and Conclusions of Law and Order on Attorneys' Fees.

## FINAL FINDINGS OF FACT

1.      On October 31, 1997, plaintiff Eastern Iowa Plastics, Inc. purchased from KenTech Plastics, Inc. (KenTech) its molded plastic products business including egg flats using the thermoform method in Independence, Iowa, including federally registered Trademark No. 1,077,911 for the name PAKSTER (Trademark) for use on plastic products in the egg and poultry industries, subject to a license back to KenTech or its assignee for exclusive use in connection with the injection method for molded plastic products.

2.      Concurrently, without a written contract, KenTech sold injection molds to defendant PI, Inc., with the Trademark imbedded in them. This sale of the molds with the imbedded Trademark transferred to defendant the right to use it only in connection with the molds.

3.      From 1997 to at least 2006, plaintiff and defendant sold their egg flats to their customers in the egg industry, in full view and awareness of each other. Each knew of the other's use of the Trademark.

4.      The registration for the Trademark expired on September 1, 1998.

5.      Defendant twice in 2006 and 2007 applied to register the Trademark with the U.S. Patent and Trademark Office (PTO) for, among other things, egg flats by both methods. Defendant failed to disclose plaintiff's use of the Trademark with the

2

thermoform method to the PTO, although it knew of it since 1997 and was required to disclose it[1] in the Applications which its lawyer signed. Defendant acted with intent to deceive the PTO. Defendant received registration numbers 3,352,460 and 3,724,368.

6.      In early 2012, five years later, when a registered trademark becomes "incontestable", defendant sent three cease and desist letters to plaintiff, demanding that it stop manufacturing and selling egg flats with the Trademark. Plaintiff responded by continuing manufacture and sale, and filed this lawsuit. Defendant counterclaimed, withdrawing its counterclaim only shortly before trial.

---

[1] The Declaration before signature on the Application for Trademark, Ex. 157-9, provides in part "...to the best of his/her knowledge and belief no other person, firm, corporation or association has the right to use the mark in commerce..."

## FINAL CONCLUSIONS OF LAW

1.      This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §1120 et al., jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §1331.

2.      The sales by KenTech of the Trademark to both plaintiff and defendant left the Trademark jointly owned, which the law discourages but accepts if, as here, the parties choose this arrangement.  See Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co., 516 F.2d 846, 850 (8th Cir. 1975).

3.      Plaintiff owns the Trademark for use in manufacturing and selling products in the egg and poultry business, subject only to defendant's license to use the Trademark to manufacture and sell egg flats made by the injection molding method.

4.      Defendant filed trademark registration applications twice, failing to disclose its knowledge of plaintiff's use of the Trademark.   Defendant's U.S. Trademark Registration Numbers 3,352,460 and 3,724,368 are cancelled.

5.      Plaintiff is the prevailing party in this case because it established its ownership of the Trademark.  Defendant's actions here were deliberate, willful and taken in bad faith, making this an exceptional case under section 1117(a)(3) of the Lanham Act, warranting reasonable attorneys' fees. Acumed v. Advanced Surgical Services, Inc., 561

F.3d 199 (3ʳᵈ Cir. 2009). Fees are also warranted under section 1120 due to fraud on the PTO. <u>Seatrax v. Sonbeck Intl.</u>, 200 F.3d 358 (5ᵗʰ Cir. 2000).

6. After a thorough review of the record and the billing data including hours and rates, under all the circumstances, plaintiff is awarded a reasonable attorneys' fee of Five Hundred Eight-Five Thousand Dollars ($585,000.00).

The clerk shall enter judgment in accordance herewith.

July 2, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT