UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| EASTERN IOWA PLASTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 cv 2088 EJM |
| vs. | ) | |
| | ) | ORDER |
| PI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on remand and mandate from the Eighth Circuit filed October 6, 2016, to clarify and determine whether plaintiff is entitled to attorney's fees under state law. Ruling clarified. Attorney's fees granted.

Both parties and the court agree that Iowa law applies. Iowa follows the American Rule, under which litigants ordinarily pay their own attorney's fees, with a limited common law exception for "connivance or oppression," Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines, 510 N.W.2d 153, (Iowa 1993.) The Iowa Supreme Court held that the standard for awarding common law attorney's fees "required a showing of...connivance or oppression." Hockenberg, 510 N.W.2d at 159 (quoting Suss v. Schammel, 375 N.W.2d 252, 256 (Iowa 1985)). Thus, a common law attorney's fee award in Iowa requires "connivance to harass or injure another" or "oppressive conduct, which is conduct that is difficult to bear, harsh, tyrannical, or cruel." Hockenberg, 510 N.W.2d at 159-60.

When defendant discovered plaintiff failed to renew its Trademark, there was connivance, harassment, hurt and damage to plaintiff by defendant conniving with its

1

Chicago attorney and having him sign the fraudulent trademark applications, certifying no knowledge of plaintiff's use of the Trademark[1]. This attempted to insulate defendant and its officers, who ordinarily would sign the application, from disclosing defendant's many years of such knowledge.

Defendant further connived to wait five years, after which the fraudulently obtained trademarks became "incontestable" under 15 U.S.C. § 1065. Thereafter, defendant over a year's time in 2012 sent to plaintiff three harassing and threatening cease-and-desist letters, never withdrawn. These letters threatened current and continuing harassment and oppressive injury to plaintiff by contesting its continued lawful use of its original PAKSTER Trademark and thus its business, forcing it to bring this lawsuit.

Count VI of plaintiff's Complaint alleged fraud on the USPTO causing injury, which defendant's Answer denied and never withdrew, though it did later withdraw its counterclaim. This court found in its Final Findings of Fact that "[d]efendant's actions here were deliberate, willful and taken in bad faith...warranting reasonable attorney's fees" under the Lanham Act. Here, even under state law's more restrictive standard, defendant's same conduct constitutes both "connivance" and "oppressive" conduct warranting attorney's fees under Hockenberg, supra.

This court clarifies its Rule 50 ruling at the close of evidence. It gave judgment to defendant on jury counts one through five, discharged the jury, leaving count six, the

---

[1] The Declaration before signature on the Applications for Trademark, Ex. 157-9, provides in part "...to the best of his/her knowledge and belief no other person, firm, corporation or association has the right to use the mark in commerce..." (emphasis supplied), the crux of the fraud.

Fraud count, seeking injunctive relief, voiding of the trademarks, and declarative relief for the court.

Respectfully, there was jurisdiction and a case and controversy since there was alleged fraudulent injury to the plaintiff under federal law because (1) defendant's Answer denied Count VI of the complaint, never withdrawn, which count alleged fraud and sought injunctive relief, remaining alive throughout the case, (2) the threat of the three cease-and-desist letters remained alive throughout the case and today, and (3) while a claim constituting a case or controversy must exist at all stages of the litigation, whether a "claim" exists, and with it jurisdiction, is determined by the allegations of the complaint - not at the end of trial by what is in fact proved. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group v. Vornado Air Circulation Sys., 535 U.S. 826, 829-831 (2002); Iowa Management & Consultants v. Sac & Fox Tribe of Miss. In Iowa, 207 F.3d 488, 489 (8th Cir. 2000.) Federal Practice and Procedure, Wright & Miller, Vol. 13D, §3566, p. 261.

The sixth count of the complaint going into trial alleged multiple violations and multiple injuries. The parties never changed their positions from those taken in the complaint and answer. Although this court did not enter an injunction to address the fraud and injury it found, it did cancel the fraudulently obtained trademarks that were the cause of plaintiff's harassment. That was the equivalent of an injunction against defendant continuing to use those trademarks. The cancelation avoided the time and expense of going to the USPTO for relief. Either way, justice is denied if defendant is allowed to use the trademarks that were the fruit of its fraud.

Lastly, the Eighth Circuit noted that this court's findings on ownership of the original PAKSTER Trademark needs to be clarified. (Opinion at 13.) This court previously found that KenTech sold the Trademark for PAKSTER to plaintiff under the written Asset Purchase Agreement, subject to a leaseback provision allowing KenTech, as licensee, to assign all or part of its license rights in the Trademark to others. KenTech concurrently, without a written or oral contract, sold defendant only part of its license rights for injection molding of egg flats with the trademark imbedded in them. This sale of the egg flat molds necessarily implied and gave the defendant only the right to use and/or sell egg flats by the injection method that were the product of these molds - to use or sell *only* the product of the molds, egg flats, nothing more. The court's irrelevant and speculative conclusion of law, para. 2, about joint ownership was not a finding of fact, but a gratuitous conclusion of law, and should be and is withdrawn.

It is therefore

ORDERED

Iowa law applies. Plaintiff is entitled to attorneys' fees under Iowa law. The parties shall file initial briefs concerning the amount of attorneys' fees, including possible apportionment, by no later than November 21, 2016, and reply briefs by no later than December 5, 2016.

November 9, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT