UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EASTERN IOWA PLASTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PI, INC., <br><br> Defendant. | No. 12 cv 2088 EJM <br><br> ORDER |

This matter is before the court on remand and mandate from the Eighth Circuit filed October 6, 2016, to (1) clarify this court's prior Findings of Fact and (2) determine attorney fees under state law. Ruling clarified. Attorney fees granted.

To clarify, the facts of this case are that in 1997 EIP bought the PAKSTER Trademark for manufacture of PAKSTER-branded items, including egg flats, from KenTech, subject only to an implied license for use of certain PAKSTER-mark/imbedded molds for injector-made egg flats sold to defendant PI. Plaintiff and defendant manufactured and sold together in this regard in plain sight of each other for 9 years.

After a change in management, PI in 2006 fraudulently applied to the USPTO and obtained new trademarks for PAKSTER-branded molded (i.e. not injector-made) egg flats by fraudulently swearing that no one else used the Trademark, when it knew that for the last 9 years EIP had been using the Trademark. PI then sent three cease-and-desist letters to EIP demanding EIP cease manufacturing and selling under the Trademark, which was 40% of EIP's business. PI thus injured EIP by (1) harassing EIP and (2) placing a cloud on its title to the Trademark. EIP reacted to the cease-and-desist letters not by stopping manufacture or sale under the Trademark, which continued unabated

1

(which is why there was not past money damages), but instead by filing an action in this court to stop the harassment, declare it the owner of the Trademark and remove the fraudulently obtained cloud on its Trademark.

EIP prevailed in a seven-day trial, proving the fraud and proving title to the Trademark, subject only to PI's original 1997 limited implied license. EIP proved that it had in fact been injured by PI's actions, both by the harassment and by the cloud on title. Harassment is clearly injury in fact. <u>Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines,</u> 510 N.W.2d 153 (Iowa 1993.) Actions to remove clouds on title to real property have been recognized as "cases or controversies" for hundreds of years. See cases cited in <u>Reynolds v. First Nat. Bank of Crawfordsville</u>, 112 U.S. 405 (1884.) Similarly, actions to remove clouds on title to intellectual and personal property are also "cases and controversies" for which federal courts have jurisdiction. <u>Luckett v. Delpark</u>, 270 U.S. 496 (1926)(action to remove cloud on title to intellectual property, patent, was "case or controversy"); <u>Citizens Sav. v. Illinois Cent. R. Co.</u>, 205 U.S. 46 (1907)(action to remove cloud on title to personal property, shares of stock, was "case or controversy.")

Thus, plaintiff proved and this court found that defendant had committed fraud on the USPTO, wrongly obtained title to the PAKSTER Trademark, harassed EIP and placed a cloud on EIP's property. The cloud was removed and the harassment ended when this court declared EIP the owner of the PAKSTER Trademark (subject to the 1997 limited license) and voided the 2006 fraudulently obtained trademarks of PI. This court further found plaintiff to be the prevailing party and entitled to attorney fees of $585,000 under the Lanham Act.

If however there is no injury, no "case or controversy", no federal jurisdiction, and thus no attorney fees under federal law, the Eighth Circuit Mandate requires this court to determine attorney fees under state law. On November 9, 2016, this court determined that state law did allow for attorney fees in this case, and ordered the parties to brief the proper amount.

Plaintiff seeks fees of $678,409, for all or most of its attorney time, including time spent regarding the Lanham Act. Much though not all of the time spent at trial was time spent proving matters germane to both the state claims and the federal claims. Defendant denies that any fees are owed, but states that if some fees are owed, the amount should be between $60-120,000, eliminating all time spent at trial.

The Supreme Court of Iowa has stated that fees under these circumstances, when a party partially prevails at trial, must be apportioned between those fees incurred in what it successfully proved, and those fees which were not. Lee v. State, 874 N.W.2d 631, 649 (Iowa 2016.) Taking all that goes into such an apportionment analysis into account, this court finds that attorney fees of $400,000 are fair and reasonable under state law in these circumstances.

The foregoing order and the order of November 9, 2016, shall constitute Findings of Fact and Conclusions of Law under F.R.Civ.P 52.

It is therefore

ORDERED

Plaintiff is entitled to attorney fees of $400,000 under state law.

December 9, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT